UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OLUMIDE EMMANUEL ADERIYE,

Petitioner,

v.                                                    CAUSE NO. 3:26-CV-61-CCB-SJF

WARDEN,

Respondent.

**OPINION AND ORDER**

Immigration detainee Olumide Emmanuel Aderiye, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF 1. His petition asserts that his detention is unlawful because his removal is not reasonably foreseeable. He seeks an order requiring that he be immediately released from detention.

When Aderiye filed the petition, he was being detained at Miami Correctional Facility. However, the Warden submitted a notice that Aderiye was removed to Nigeria on February 15, 2026, and is no longer in the custody of Immigration and Customs Enforcement. ECF 12. A district court may entertain a petition for writ of habeas corpus when the petitioner "is in custody under or by color of the authority of the United States[.]" 28 U.S.C. § 2241(c)(1); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Aderiye met the "in custody" requirement when he filed the petition; however, it is evident from the record that he is no longer being detained, meaning there is no unlawful detention for this court to review.

"For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted). Here, the court can no longer grant Aderiye the relief he seeks in the petition. The court cannot order his release, because he has already been released.

In the criminal context, a habeas petition will not be mooted by the petitioner's release if he continues to suffer "collateral consequences" from the conviction. *Spencer,* 523 U.S. at 7. Courts have applied this concept in the immigration setting, but the "collateral consequence" must be something that can "be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Kurtishi v. Cicchi*, 270 F. App'x 197, 199-200 (3d Cir. 2008). The only relief Aderiye sought was a determination that removal was not reasonably foreseeable and therefore his detention was unlawful. No collateral consequences remain that may be addressed in a habeas petition. *See Kurtishi*, 270 F. App'x at 200 (3d Cir. 2008) ("In view of [petitioner's] deportation, there are no remaining collateral consequences that may be redressed by success on [petitioner's] challenge under § 2241 to his 'continued restraint by DHS-ICE'"); *Dehghani v. Castro*, No. 2:25-CV-0052 MIS-DLM, 2025 WL 1937605, at *3 (D.N.M. July 15, 2025) (dismissing habeas petition as moot where petitioner was deported,

because "Section 2241 . . . empowers courts to challenge ongoing detention and order release—not to undo a completed removal or erase its statutory penalties").

In sum, this court's habeas jurisdiction is limited to deciding whether an individual is in custody in violation of federal law. Aderiye is no longer in custody. The petition must be dismissed. Because the dismissal is on grounds of mootness, it will not prejudice his right to re-assert his claims should he be detained again within the United States. *See Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013) (dismissal for lack of jurisdiction is always without prejudice).

Accordingly, the court **DISMISSES** the petition (ECF 1) **WITHOUT PREJUDICE** as **MOOT** and **DIRECTS** the clerk to close this case.

SO ORDERED on March 31, 2026.

/s/ *Cristal C. Brisco*  
CRISTAL C. BRISCO, JUDGE  
UNITED STATES DISTRICT COURT

3